No. 39,825

DIXIE MAYES, *Appellee,* v. ORMA RUTH NUTTER, *Appellant.*

(285 P. 2d 1092)

Opinion filed July 6, 1955.

*E. Edward Johnson,* of Topeka, argued the cause and *Harry W. Colmery* and *James E. Smith,* both of Topeka, were with him on the briefs for the appellant.

*Charles S. Fisher, Jr.,* of Topeka, argued the cause and *Thomas M. Lillard,* *O. B. Eidson, Phil H. Lewis, James W. Porter* and *Sidney C. Hunt,* all of Topeka, were with him on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: This is an action for injuries alleged to have been sustained on account of the separate and concurring negligence of the defendant appellant and another defendant. Both of these defendants were driving automobiles in an easterly direction on the highway and a collision occurred between one of them and a car being driven by plaintiff. The appeal is from an order overruling the demurrer of the driver of one of those cars to the amended petition of plaintiff. The amended petition pursuant to an order of the trial court to make more definite and certain alleged plaintiff was driving her car in a westerly direction on the highway at a speed of about 15 miles an hour and that an automobile driven by defendant Garner in an easterly direction on the same highway at a speed of 50 miles an hour approached her vehicle driving from the west and that immediately behind that car was one driven by defendant Nutter also traveling at a speed of 50 miles an hour following the Garner vehicle at a distance of from 20 to 30 feet; that as the Garner and Nutter vehicles were closely approaching the oncoming plaintiff's vehicle the defendant Garner did reduce the speed of the vehicle he was driving and that immediately thereafter the Nutter vehicle crashed and collided with the rear end of the Garner vehicle; that the Garner vehicle then, with no warning whatsoever to plaintiff, did turn or was thrust, and plaintiff knows not which, across the west-hand or left-hand lane of traffic and directly across the path of an oncoming vehicle driven by plaintiff.

It will be noted that defendant Nutter was driving the rear car. She demurred to the amended petition on the ground it did not state a cause of action against her. The demurrer was overruled—hence this appeal.

The argument of the appellant Nutter is that when the amended petition said that Garner turned into the lane of traffic in which plaintiff's car was driving that allegation relieved the rear car being driven by appellant of any liability.

We have examined the authorities furnished us by appellant.

The negligence charged against defendant Nutter was as follows:

"(a) In failing to keep a proper lookout for other vehicles on the highway.

"(b) In following the Garner vehicle at a distance of from 20 to 30 feet and at such a distance as was neither reasonable nor safe because of the speeds of the respective vehicles and the traffic and highway conditions then and there existing.

"(c) In driving a vehicle at a rate of speed, to-wit: in excess of 50 miles per hour which speed was not reasonable and prudent under the circumstances then and there existing.

"(d) In colliding with the rear end of the Garner vehicle.

"(e) In driving a vehicle at such a speed, and at such a distance behind the Garner vehicle, as would not enable her to stop, slow down or properly control her vehicle within her range of vision ahead on the highway.

"(f) In driving a vehicle with brakes that would not stop, slow down, nor operate properly."

Following our well-known rules for the construction of petitions, we hold this amended petition charged actionable negligence against defendant Nutter.

The judgment of the trial court is affirmed.